FILED

2025 Jul-11  PM 03:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| K.B. FORBES and CONSEJO DE LATINOS UNIDOS, INC., A NOT-FOR-PROFIT PUBLIC CHARITY, | |
| Plaintiffs, | |
| vs. | Case No.: 2:24-cv-01618-AMM |
| THE SOUTHERN COMPANY, A CORPORATION, ALABAMA POWER COMPANY, A CORPORATION, MATRIX, LLC, AN ALABAMA LIMITED LIABILITY COMPANY, PERKINS COMMUNICATION, LLC, AN ALABAMA LIMITED LIABILITY COMPANY, JOE PERKINS, MARK A. CROSSWHITE, JEFF PEOPLES, ZEKE SMITH, JOSHUA WHITMAN, THOMAS A. FANNING, and JAMES Y. KERR, | |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................1

I.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER 18 U.S.C.
       § 241. ..................................................................................................3

II.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER 42 U.S.C.
       § 1985 AND § 1986. ...........................................................................4

III.   PLAINTIFFS' CLAIMS ARE TIME BARRED. .....................................8

IV.    THE COMPLAINT IS A SHOTGUN PLEADING THAT
       REQUIRES DISMISSAL. .....................................................................9

V.     PLAINTIFFS FAIL TO PLEAD ANY PLAUSIBLE AGENCY
       LIABILITY AGAINST THE DEFENDANTS.......................................11

VI.    PLAINTIFFS FAIL TO STATE ANY VIABLE CLAIM UNDER
       ALABAMA STATE LAW. ...................................................................12

VII.   CDLU CANNOT PROCEED *PRO SE*....................................................14

VIII.  THE COURT LACKS PERSONAL JURISDICTION OVER
       SOUTHERN COMPANY, FANNING, AND KERR. ............................14

CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*United States ex rel. 84Partners, LLC v. Nuflo, Inc.*,
  79 F.4th 1353 (11th Cir. 2023) ..............................................................................3

*Age-Herald Pub. Co. v. Huddleston*,
  92 So. 193 (Ala. 1921).........................................................................................9

*Balbin v. Johnson*,
  2025 WL 883064 (11th Cir. March 19, 2025)............................................2, 3, 14

*Barnes v. AstraZeneca Pharms. LP*,
  253 F. Supp. 3d 1168 (N.D. Ga. 2017)................................................................10

*Bey v. Carrington Mortg. Servs., LLC*,
  805 F. App'x 981 (11th Cir. 2020).......................................................................14

*Chaney v. Ala West-AL, LLC*,
  22 So. 3d 488 (Ala. Civ. App. 2008)....................................................................9

*Deaton v. S. Highland Child Dev. Ctr., Inc.*,
  405 So. 3d 244 (Ala. 2024)..................................................................................13

*Dickerson v. Alachua Cnty. Comm'n*,
  200 F.3d 761 (11th Cir. 2000) ..............................................................................7

*Franza v. Royal Caribbean Cruises, Ltd.*,
  772 F.3d 1225 (11th Cir. 2014) ..........................................................................11

*In re Fundamental Long Term Care, Inc.*,
  873 F.3d 1325 (11th Cir. 2017) ..........................................................................11

*Harvey v. Harvey*,
  949 F.2d 1127 (11th Cir. 1992) ............................................................................6

*Jackson v. Metro. Edison Co.*,
  419 U.S. 345 (1974)..............................................................................................7

*Keith v. DeKalb Cnty. Georgia*,
  749 F.3d 1034 (11th Cir. 2014) ..........................................................................10

*Laurent v. U.S. Tr.*,
196 F. App'x 740 (11th Cir. 2006) .........................................................................2

*Lucero v. Operation Rescue of Birmingham*,
954 F.2d 624 (11th Cir. 1992) ....................................................................4, 5, 7

*McGroarty v. Swearingen*,
977 F.3d 1302 (11th Cir. 2020) .............................................................................8

*McNeely v. Crosswhite*,
2014 WL 6903897 (N.D. Ala. Dec. 8, 2014) .......................................................7

*Moore v. Lowe*,
591 F. Supp. 3d 1087 (N.D. Ala. 2022).............................................................13

*Purser v. Wolfe, Jones & Boswell, et al.*,
5:02-cv-1023-SLB, ECF 1 (N.D. Ala.)...............................................................13

*Rayburn ex rel. Rayburn v. Hogue*,
241 F.3d 1341 (11th Cir. 2001) .............................................................................6

*Silberman v. Miami Dade Transit*,
927 F.3d 1123 (11th Cir. 2019) .............................................................................2

*Turner v. Alabama Power Co.*,
2015 WL 873316 (M.D. Ala. Feb. 27, 2015) .......................................................7

*United Broth. of Carpenters & Joiners of Am., Local 610,
AFL-CIO v. Scott*,
463 U.S. 825 (1983)........................................................................................5, 6

*Weiland v. Palm Beach Cnty. Sheriff's Off.*,
792 F.3d 1313 (11th Cir. 2015) ...........................................................................10

**Statutes**

18 U.S.C. § 241 ...........................................................................................................3

42 U.S.C. § 1985 ...............................................................................................*passim*

42 U.S.C. § 1986...................................................................................................4, 8

**Other Authorities**

Fed. R. Civ. P. 12(b)(2)...........................................................................................15

## INTRODUCTION

The Court has given Plaintiffs more than sufficient opportunity to plead a viable cause of action and to obtain legal representation in this matter. Plaintiffs had the benefit of receiving Defendants' motion to dismiss the initial Complaint on December 20, 2024, which raised many of the same arguments as the motion to dismiss now before the Court. The Court then not only granted Plaintiffs' request to amend the Complaint but also gave Plaintiffs more than five months from the date of the initial motion to dismiss to do so. Despite the Court's leniency, Plaintiffs did nothing to address the legal deficiencies in the initial Complaint when filing the FAC, and Plaintiffs' opposition fares no better.

Indeed, Plaintiffs improperly seek to abandon and amend their claims through the opposition, while asking the Court to exercise even more leniency due to their *pro se* status. The premise of the FAC is that Plaintiffs' negative online posts about a non-defendant law firm prompted Defendants to conspire with one another to engage in a bizarre series of disjointed acts—including acts attributable to various non-defendants—with the goal of harassing and intimidating Plaintiffs. ECF 28 ¶¶ 51, 53, 61–62. According to the FAC, Defendants did so because Plaintiffs "were enemies of Southern Company and the utility industry." *Id.* ¶ 73. Yet now, when confronted with the reality that the federal statutes on which the FAC relies provide no basis for such a claim, Plaintiffs insist that Defendants targeted Plaintiffs "due to

1

their Latino heritage." ECF 33 at 2. Even ignoring the absurdity of that contention, there is no such allegation in the FAC, which does not attribute Defendants' conspiracy to Forbes's protected class status. Rather, the FAC makes clear that the supposedly conspiratorial "shenanigans are the result of Southern Company's and Alabama Power's rage that Plaintiffs had reported regularly about the misconduct at Balch & Bingham on their blog." ECF 28 ¶ 1.

Plaintiffs, of course, "cannot amend [their] complaint through a response to a motion to dismiss." *Balbin v. Johnson*, 2025 WL 883064, at *3 (11th Cir. Mar. 19, 2025). And the Court should not entertain Plaintiffs' request to allow yet another amendment. For one, Plaintiffs are wrong that they are entitled to a second opportunity to amend. A court need only provide a *pro se* plaintiff with "one chance to amend the complaint before the district court dismisses the action with prejudice[.]" *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019); *see also Laurent v. U.S. Tr*., 196 F. App'x 740, 744 (11th Cir. 2006) (holding that the district court did not abuse its discretion in dismissing a *pro se* plaintiff's amended complaint without leave to amend because "the district court had already given [the plaintiff] one opportunity to amend his complaint and was not required to give him a second chance").

Beyond that, Plaintiffs' request to amend in their opposition is alone improper. A plaintiff who requests "leave to amend a complaint must either attach a copy of

2

the proposed amendment to the motion or set forth the substance thereof." *United States ex rel. 84Partners, LLC v. Nuflo, Inc.*, 79 F.4th 1353, 1363 (11th Cir. 2023) (quotation marks omitted). Plaintiffs did not do so. Nor are they exempt from this requirement because they have been unable to engage counsel. As the Eleventh Circuit recently observed, even a *pro se* plaintiff "cannot amend his complaint through a response to a motion to dismiss." *Balbin*, 2025 WL 883064, at \*3.

In any event, no further amendment should be allowed because it would be futile. Plaintiffs fail to explain "what else [they] could have alleged in good faith in a [second] amended complaint to cure the deficiencies in the [FAC]." *84Partners*, 79 F.4th at 1363. Even conjuring allegations of racial animus from thin air would not save Plaintiffs from the numerous legal deficiencies requiring dismissal of their claims. The Court has entertained Plaintiffs' baseless conspiracy theories for long enough. It should apply the governing law and dismiss the FAC with prejudice.

## I.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER 18 U.S.C. § 241.

Plaintiffs do not argue that 18 U.S.C. § 241 is anything other than a criminal statute, conceding that this claim is due to be dismissed. *See* ECF 33 at 6. Plaintiffs do, however, oddly request that they be granted leave to "amend the FAC to plead a civil claim under 42 U.S.C. § 1985(3) in place of 18 U.S.C. § 241." *Id.* They make that request even though the FAC already attempts to plead a claim under 42 U.S.C. § 1985(3). Indeed, the basis of Plaintiffs' asserted claim under 18 U.S.C. § 241 is

virtually identical to the basis of the claim under 42 U.S.C. § 1985(3). *Compare* ECF 28 ¶¶ 138-149, *with id.* ¶¶ 113-123. Plaintiffs have thus already tried to plead the claim they ask for leave to assert and have failed to state any viable cause of action.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER 42 U.S.C. § 1985 AND § 1986.

Defendants' motion identified three fundamental legal deficiencies that require dismissal of Plaintiffs' claim under 42 U.S.C. § 1985 and, as a result, dismissal of their claim under 42 U.S.C. § 1986, which requires a predicate violation of § 1985. *See* ECF 31 at 9-15. Plaintiffs' opposition cures none of these deficiencies.

*First*, Plaintiffs do not dispute that stating a claim under § 1985 requires alleging that the "conspirators intended to deny Plaintiffs equal protection of the laws due to 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id.* at 9 (quoting *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 628 (11th Cir. 1992)). Plaintiffs, instead, argue that they have done so here because Defendants discriminated against Plaintiffs "due to their Latino heritage[.]" ECF 33 at 6. But there is no such allegation in the FAC.

While Plaintiffs allege in passing that Forbes is "the son of a Latino immigrant," and "is the co-founder and Chief Executive Office of the Consejo de Latinos Unidos ('CDLU')," ECF 28 ¶¶ 2–3, it is not enough to simply allege membership in a protected class. Plaintiffs must allege that Defendants discriminated against Plaintiffs in violation of their civil rights ***because*** of their

protected status. *See Lucero*, 954 F.2d at 628. Nothing in the FAC suggests Defendants conspired to interfere with Plaintiffs' civil rights because of Forbes's Latino heritage. In fact, Plaintiffs curiously claim that part of the purported conspiracy was a Facebook Live video (created by a non-defendant) that accused Forbes of being a "racist a[**] *white* man." ECF 28 ¶ 53 (emphasis added).

Again, the gravamen of the FAC is that Defendants targeted Plaintiffs because they were "enemies of Southern Company and the utility industry[.]" *Id.* ¶ 73; *see also id*. ¶ 1. Even if that strange allegation is credited as true, § 1985 does not "reach conspiracies motivated by economic or commercial animus." *United Broth. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 838 (1983). Nor is there any reason to permit Plaintiffs to amend again to change their theory, as the fundamental theory of Plaintiffs' claims could not be transformed into a *plausible* claim that Defendants discriminated against Plaintiffs due to Forbes's Latino heritage. Their entire premise is that Defendants retaliated against Plaintiffs because of negative internet posts Plaintiffs made about Balch & Bingham— Forbes's Latino heritage would provide no plausible explanation for such conduct.

*Second*, protected class aside, Plaintiffs' § 1985(3) claim fails on the independent basis that Plaintiffs do not allege that Defendants violated a constitutional right that is protected from infringement by purely private actors. ECF 31 at 10–13. Plaintiffs implicitly acknowledge that the civil rights they allege to have

been infringed require them "'to prove that the state was somehow involved in or affected by the conspiracy'" to state a viable claim under § 1985. *Id.* at 11 (quoting *Scott*, 463 U.S. at 838). But Plaintiffs argue that they have met this state-action requirement because Alabama Power and The Southern Company are "quasi-governmental agencies[.]" ECF 33 at 8.

Continuing their trend, Plaintiffs make this argument despite asserting no such allegation in the FAC. But, perhaps more importantly, no such allegation could remotely support a § 1985 claim. "Only in rare circumstances can a private party," such Alabama Power or The Southern Company, "be viewed as a 'state actor,'" *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). This case is not one of those circumstances. For this rare exception to apply, Plaintiffs would have to demonstrate that Defendants "performed a public function that was traditionally the exclusive prerogative of the State[,]" requiring a "symbiotic relationship" between the state and Defendants involving "the specific conduct of which the plaintiff complains." *Rayburn ex rel. Rayburn v. Hogue,* 241 F.3d 1341, 1347-48 (11th Cir. 2001) (quotation omitted). In other words, Plaintiffs must effectively plead that the State of Alabama was "a joint participant" with Defendants in the alleged conspiracy. *See id*. Even Plaintiffs do not go so far as to suggest that the conspiracy against them involved the State of Alabama or any other state actor. And countless cases have held in similar contexts that utility companies, including Alabama Power,

are **not** state actors. *See, e.g.*, *Turner v. Alabama Power Co.*, 2015 WL 873316, at *3–4 (M.D. Ala. Feb. 27, 2015) ("Alabama Power is a private, investor owned utility company. It is not rendered a state actor, and it is not engaged in state action, simply because it is engaged in a Government-regulated business.") (cleaned up); *McNeely v. Crosswhite*, 2014 WL 6903897, *3 (N.D. Ala. Dec. 8, 2014) (similar); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974) (privately owned utility corporation was not a state actor even though it held a certificate of public convenience issued by the Pennsylvania Utilities Commission).

*Finally*, Plaintiffs' opposition does nothing to overcome the FAC's failure to identify facts plausibly establishing a "meeting of the minds" or an overt act in furtherance of the conspiracy. *See Lucero*, 954 F.2d at 627; *see also Dickerson v. Alachua Cnty. Comm'n*, 200 F.3d 761, 767 (11th Cir. 2000) (conspiracy requires sufficiently pleading "an agreement between 'two or more persons' to deprive [plaintiff] of his civil rights"). Plaintiffs' bare insistence that a number of overt acts attributable to seemingly random individuals—who are not defendants in this case or alleged to have any connection to any Defendant—permits the Court to draw a "causal connection" strains credulity. ECF 33 at 8–9. Simply put, the FAC does not contain facts establishing that Defendants conspired to deprive Plaintiffs of their civil rights or that they committed any overt act that did, in fact, deprive Plaintiffs of their civil rights in violation of § 1985. For each of these reasons, Plaintiffs'

§ 1985 claim should be dismissed and, with it, their derivative claim under § 1986.

## III.    PLAINTIFFS' CLAIMS ARE TIME BARRED.

Plaintiffs' federal and state law claims are also due to be dismissed as time barred.

Beginning with their federal claims, Plaintiffs do not dispute that their § 1985 claim is subject to a two-year statute of limitations and that their § 1986 claim is subject to a one-year statute of limitations. Instead, Plaintiffs implausibly argue that despite the number of allegedly harassing incidents that allegedly occurred between 2020 and September 2022, it was not apparent to them until October 3, 2023, that Defendants were engaged in a conspiracy; and only then, Plaintiffs claim to put the pieces together based on an email from The Southern Company's outside counsel about Forbes's concerns. ECF 28 ¶ 112. Plaintiffs do not explain how that email was supposedly part of the conspiracy or how it violated their civil rights in any way. And Plaintiffs cannot have it both ways—they cannot claim that their supposedly severe injuries are part of a series of acts amounting to a conspiracy that began in 2020 but that Plaintiffs only learned of their injuries a year before filing suit. If Plaintiffs are, instead, attempting to allege a "continuing harm," such does not extend the limitations period. *See McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020). The FAC on its face makes clear that Plaintiffs were on notice of the injuries for which they complain well before the limitations period expired.

As for their state law claims, Plaintiffs do not meaningfully address the statute of limitations issue with their defamation and false light claims. This is unsurprising—as explained in Defendants' motion to dismiss (ECF 31 at 18–19), the alleged defamatory statements were published well before the two-year window to sue expired because Alabama follows the "single publication rule." *Age-Herald Pub. Co. v. Huddleston*, 92 So. 193, 197 (Ala. 1921). Although Plaintiffs disagree with Defendants' view of the merits of their defamation case, Plaintiffs cite no case law upon which the Court could agree with them as to such claims being timely.

Regarding their claim for intentional infliction of emotional distress, Plaintiffs argue that they have suffered "severe, ongoing harassment causing significant emotional distress" for years. ECF 33 at 17. But under Alabama law, a claim for intentional infliction of emotional distress accrues when "the defendant's actions have caused the plaintiff severe distress." *Chaney v. Ala West-AL, LLC*, 22 So. 3d 488, 498 (Ala. Civ. App. 2008). Because Plaintiffs claim to have suffered severe emotional distress as early as 2020, ECF 28 ¶ 53, their claim accrued outside the two-year limitations period.

## IV.   THE COMPLAINT IS A SHOTGUN PLEADING THAT REQUIRES DISMISSAL.

Plaintiffs insist that the FAC is not an impermissible shotgun pleading because it contains numbered paragraphs and subheadings. ECF 33 at 4–5. But Plaintiffs refuse to confront the features of the FAC that render it a shotgun pleading. In fact,

9

Plaintiffs admit that "[e]ach count incorporates" all prior allegations by reference, which is "a quintessential 'shotgun' pleading." *Keith v. DeKalb Cnty., Georgia,* 749 F.3d 1034, 1045 n.39 (11th Cir. 2014). Plaintiffs also ignore that the FAC refers to Defendants collectively—much less explain how Defendants are supposed to understand which acts they are accused of when it is not remotely plausible that multiple companies and seven individuals could collectively perform many of the complained-of acts.

Plaintiffs' insistence that the FAC is similar to the complaint in *Weiland v. Palm Beach Cnty. Sheriff's Off.,* 792 F.3d 1313, 1324 (11th Cir. 2015), is misplaced. In *Weiland*, the court emphasized that the challenged complaint was not a shotgun pleading because the "allegations of each count are not rolled into every successive count on down the line," which it would have certainly "condemned." *Id.* That is precisely what the FAC does here. And where a complaint both incorporates all preceding paragraphs and fails to identify the specific actions attributable to specific defendants that form the basis of the claims, a court is well-within its right to conclude that the plaintiff "does not know who or what [it] is in fact suing," and dismiss the complaint as a shotgun pleading. *Barnes v. AstraZeneca Pharms. LP*, 253 F. Supp. 3d 1168, 1171 (N.D. Ga. 2017).

## V.   PLAINTIFFS FAIL TO PLEAD ANY PLAUSIBLE AGENCY LIABILITY AGAINST THE DEFENDANTS.

Plaintiffs' efforts to defend their agency theory are similarly lackluster. Rather than address the shortcomings identified in the motion to dismiss—namely, that Plaintiffs do not (1) identify any principal or (2) allege facts establishing actual or apparent agency—Plaintiffs quibble with Defendants' reliance on the Eleventh Circuit's decision in *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225 (11th Cir. 2014) because that case involved maritime law. ECF 33 at 14. This critique is easily disregarded. In *Franza*, the court observed that "the Supreme Court and all of the federal circuits have for many years generally applied agency rules across a rich array of maritime cases." 772 F.3d at 1235. While Plaintiffs also suggest that the question of whether an agency relationship exists is a question of fact, they identify no facts in the FAC raising a factual basis for finding agency liability. Ultimately, Plaintiffs cannot overcome the fact that the FAC's "allegations are too vague and inconsistent to successfully state a claim against [Defendants] under an agency theory of liability." *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1343 (11th Cir. 2017) (affirming dismissal where the plaintiffs "fail to sufficiently allege the facts necessary" to establish agency for the specific alleged unlawful acts, even where an agency relationship might exist among the defendants in other contexts).

## VI. PLAINTIFFS FAIL TO STATE ANY VIABLE CLAIM UNDER ALABAMA STATE LAW.

As set forth in Defendants' motion to dismiss (ECF 31 at 26–32), Plaintiffs' state law claims should be dismissed for several additional reasons, which Plaintiffs do not adequately address in response.

***Defamation and Invasion of Privacy***. Plaintiffs' defamation and invasion of privacy claims fail because they are based on demonstrably true statements, and Alabama law does not recognize a search engine optimization theory of defamation. ECF 31 at 26–32. Plaintiffs do not meaningfully contend otherwise. Instead, they urge that the truth of the alleged statements is a question of fact. ECF 33 at 15.

As a threshold matter, Plaintiffs rewrite their own allegations, now accusing Defendants of "portraying Forbes as a criminal associate" of Mr. Newsome. *Id.* at 16. But that is not what Plaintiffs allege—in the FAC, Plaintiffs challenge whether Newsome qualifies as an "accused" rapist and assert that they "have never defended a rapist." ECF 28 ¶ 92-94. Plaintiffs do not dispute that Forbes defended Newsome, nor that Newsome was, in fact, accused of rape—making that challenged statement demonstrably true on the pleadings. Forbes likewise provides no cover that his defamation claim related to a purported "extortion" is actionable nor rebuts Defendants' arguments about the merits of that statement (ECF 31 at 26–32), choosing instead to just reference the statement again in passing. Forbes thus still fails to contradict the truth of either statement.

As to whether Forbes pleads a survivable defamation claim, the only authority Plaintiffs cite, *Moore v. Lowe*, 591 F. Supp. 3d 1087 (N.D. Ala. 2022), actually favors dismissal. In *Moore*, the court determined—at the motion to dismiss stage—that the plaintiff was not defamed when referred to as an "accused sexual predator" because he had been accused of sexual misconduct in public documents. *Id.* at 1116. The same is true of Newsome. *See Purser v. Wolfe, Jones & Boswell, et al.*, 5:02-cv-1023-SLB, ECF 1, (N.D. Ala.). Moreover, the court in *Moore* took care to note that "[t]he common law of libel . . . overlooks minor inaccuracies and concentrates upon substantial truth," and that "minor inaccuracies do not satisfy the falsity component if the substance, the gist, the sting, of the libelous charge be justified." 591 F. Supp. 3d at 1108 (quotations omitted). Because Plaintiffs have done nothing to rebut that the supposedly defamatory statements are substantially true, Plaintiffs' defamation and invasion of privacy claims fail even at the motion to dismiss stage. *See id.* (dismissing defamation claim stemming from statement that plaintiff "attempted to rape [victim] in a car" because statement "carrie[d] substantial truth").

***Intentional Infliction of Emotional Distress***. No "extreme and outrageous conduct" that "caused emotional distress so severe that no reasonable person could be expected to endure it" is adequately alleged. *Deaton v. S. Highland Child Dev. Ctr., Inc.*, 405 So. 3d 244, 255 (Ala. 2024). Plaintiffs identify only one incident in the last two years—the shooting of a ".22 caliber projectile" at Forbes's bedroom

window. ECF 28 ¶ 111.[1] And Plaintiffs cite no case law saying that they can base an intentional infliction of emotional distress claim on a single, vague incident that is not even remotely tied to any particular Defendant.

## VII.  CDLU CANNOT PROCEED *PRO SE*.

Plaintiffs admit that CDLU, as a company, cannot proceed *pro se* but ask for additional time to obtain counsel. ECF 33 at 18. Even setting aside the improper form of this request (again), *see Balbin*, 2025 WL 883064, at *3, Plaintiffs are not entitled to another extension. This Court has already afforded Plaintiffs ample time to retain counsel—over five months and counting. *Cf. Bey v. Carrington Mortg. Servs., LLC*, 805 F. App'x 981, 982 n.1 (11th Cir. 2020) (dismissing corporate plaintiff from appeal after they failed to obtain counsel or show cause why they need not be represented by counsel within 30 days). And Plaintiffs had more than adequate notice that the clock was ticking; in granting Plaintiffs' latest request for an extension of time, this Court warned that "[n]o further extensions will be granted." ECF 27. CDLU's claims should be dismissed.

## VIII. THE COURT LACKS PERSONAL JURISDICTION OVER THE SOUTHERN COMPANY, FANNING, AND KERR.

Plaintiffs concede that the Court does not have general jurisdiction over the

---

[1] Plaintiffs never even allege exactly who was responsible for shooting this alleged "projectile." Instead, Plaintiffs indefinitely allege that a projectile "was shot . . . in retaliation for" one of Plaintiffs' blog posts and later generally attribute that action to "Defendants." *See* ECF 28 ¶¶ 111, 115.

Southern Company Defendants. ECF 33 at 18–19. As for specific jurisdiction, Plaintiffs resort to the same conclusory allegations that various Defendants (and non-defendants) acted at the behest of The Southern Company or Alabama Power. But just as those unsupported allegations do not give rise to any claim, they cannot provide a basis for personal jurisdiction over the Southern Company Defendants. Dismissal is therefore independently proper pursuant to Federal Rule of Civil Procedure 12(b)(2).

## CONCLUSION

For the foregoing reasons, the Court should dismiss the FAC with prejudice.

Dated: July 11, 2025                                Respectfully submitted,

*/s/ Lee M. Hollis*                          */s/ Robert Baugh*
Lee M. Hollis                                Robert Baugh
Mary Parrish McCracken                       **DENTONS SIROTE**
**LIGHTFOOT, FRANKLIN & WHITE**              2311 Highland Avenue South
**LLC**                                      Birmingham, AL 35205
400 20th Street North                        205-930-5100
Birmingham, Alabama 35203                    robert.baugh@dentons.com
205-581-0700
lhollis@lightfootlaw.com                     David L. Balser
mmccracken@lightfootlaw.com                  Brandon R. Keel
                                             **KING & SPALDING LLP**
*Counsel for Alabama Power Company*          1180 Peachtree Street, N.E.
                                             Atlanta, GA 30309
*/s/ John W. Scott*                          404-572-4600
John W. Scott                                dbalser@kslaw.com
Kimberly W. Geisler                          bkeel@kslaw.com
Alexander Quick
**SCOTT, DUKES & GEISLER, P.C.**

211 Twenty Second Street North
Birmingham, AL 35203
205-251-2300
jscott@scottdukeslaw.com
kgeisler@scottdukeslaw
aquick@scottdukeslaw

*Counsel for Mark Crosswhite, Jeff Peoples,
Zeke Smith, and Quentin Riggins*

*Counsel for The Southern Company,
Tom Fanning, and Jim Kerr*

*/s/ Cason M. Kirby*
Cason M. Kirby
Brant J. Biddle
**HOLLAND & KNIGHT LLP**
1901 Sixth Avenue North
Suite 1400
Birmingham, AL 35203
(205) 226-5706
cason.kirby@hklaw.com
brant.biddle@hklaw.com

*Counsel for Defendants Matrix,
LLC, Perkins Communication, LLC,
Joe Perkins, and Joshua Whitman*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 11, 2025, I electronically filed the foregoing with the clerk of the Court through the CM/ECF system, which will automatically serve all counsel of record, and also served via email and U.S. mail to the follow pro se party:

K.B. Forbes
Consejo De Latinos Unidos, Inc.
P.O. Box 381984
Birmingham, AL 35238-1983
kb@cdlu.org

*/s/ Robert Baugh*