UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **K.B. FORBES, an individual, and CONSEJO DE LATINOS UNIDOS, INC., a not-for-profit public charity,** | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No.: 2:24-cv-01618-AMM<br>) |
| **THE SOUTHERN COMPANY et al.,** | )<br>)<br>)<br>) |
| Defendants. | ) |

### ORDER STRIKING AMENDED COMPLAINT
### AS AN IMPERMISSIBLE PLEADING

The court's independent review of Plaintiffs K.B. Forbes and Consejo De Latinos Unidos, Inc.'s amended complaint reveals that it is an impermissible shotgun pleading. *See* Doc. 28. The court **STRIKES** the amended complaint and **ORDERS** Mr. Forbes and Consejo De Latinos Unidos to replead in conformity with Federal Rules of Civil Procedure 8(a)(2) and 10(b), as well as the Eleventh Circuit's instructions about properly pleading a complaint.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity,

each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." A purpose of Rules 8(a)(2) and 10(b) is to allow the court to determine "which facts support which claims." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted). The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Id.*; *see also Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Shotgun pleadings fall into "four rough types or categories." *Weiland*, 792 F.3d at 1321. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. The third is one that does "not separat[e] into a different count each cause of action or claim for relief." *Id.* at 1322–23. And the fourth category of complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

The Eleventh Circuit has repeatedly and vehemently condemned shotgun pleadings. *See Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir.

2020); *see also Weiland*, 792 F.3d at 1321. It strongly encourages "a district court that receives a shotgun pleading [to] strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." *Est. of Bass*, 947 F.3d at 1358.

Mr. Forbes and Consejo De Latinos Unidos's amended complaint is an impermissible shotgun pleading of the first and third categories. *See, e.g.*, Doc. 28 ¶¶ 124, 120, 125, 138, 145, 150.

If Mr. Forbes and Consejo De Latinos Unidos file a second amended complaint, it may not incorporate by reference the allegations of each preceding paragraph such that "each count [is] . . . rolled into every successive count on down the line." *Weiland*, 792 F.3d at 1324. Any second amended complaint must identify with specificity the factual paragraphs relevant to each individual claim. *See Est. of Bass*, 947 F.3d at 1356 n.4. In any second amended complaint, Mr. Forbes and Consejo De Latinos Unidos must incorporate by reference into each count **only** those factual paragraphs that are relevant to the specific cause of action asserted in that count. This incorporation must cite by number the paragraphs that are to be incorporated.

Further, If Mr. Forbes and Consejo De Latinos Unidos file a second amended complaint, it may not state multiple claims within each count. *Weiland*, 792 F.3d at 1322–23. Mr. Forbes and Consejo De Latinos Unidos's second amended complaint

must state in a separate count each discrete claim of conspiracy to interfere with civil rights, negligent failure to prevent conspiracy to interfere with civil rights, conspiracy against constitutional rights, invasion of privacy, defamation, and intentional infliction of emotional distress. *See id.* Each count must identify the particular factual allegations that support it and name specifically the particular defendants against whom the claims are alleged. Claims based on different transactions or occurrences of factual allegations may not be lumped together.

The Eleventh Circuit has held that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018). The rule in this Circuit is that a district court "could not have abused its discretion in dismissing [an amended pleading] on shotgun pleading grounds" when the court *sua sponte* gave plaintiff "a chance to replead and remedy his shotgun pleading issues, and provided him with a veritable instruction manual on how to do so . . . [but plaintiff still] did not fix the problem." *Id*. at 1296; *Barmapov*, 986 F.3d at 1326 (affirming a district court's dismissal with prejudice when district court gave plaintiff who was represented by counsel one chance to correct shotgun pleading and plaintiff failed to do so).

The court reminds Mr. Forbes and Consejo De Latinos Unidos that "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). The repleaded complaint, Doc. 28, was Mr. Forbes and Consejo De Latinos Unidos's

4

only opportunity to amend its pleading without "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court also notes that it is "not required to *sua sponte* give … any additional chances to remedy the Rule 8 violations." *Vibe Micro, Inc.*, 878 F.3d at 1296.

Mr. Forbes is further advised that should he continue to pursue this cause of action on behalf of Consejo De Latinos Unidos, Consejo De Latinos Unidos must be represented by an attorney. Mr. Forbes may not continue this cause of action on behalf of Consejo De Latinos Unidos without attorney representation. While he may represent himself in an action on his own behalf, an attorney must represent Consejo De Latinos Unidos in any action on its behalf.

Accordingly, the court **STRIKES** the amended complaint and **ORDERS** Mr. Forbes and Consejo De Latinos Unidos to replead in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about properly pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320–23.

**DONE** and **ORDERED** this 3rd day of September, 2025.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE